NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TOMER GRAZIANI; RACHAEL KATHERINE WILMOTH, AKA Rachael Katherine Eicher-Graziani, | No. 21-55190 |
| Plaintiffs-Appellants, | D.C. No. 5:18-cv-02420-CBM-SP |
| v. | MEMORANDUM* |
| MATTHEW G. WHITAKER, Acting Attorney General; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Submitted December 6, 2021**
Pasadena, California

Before: M. SMITH, LEE, and FORREST, Circuit Judges.

Plaintiff-Appellants Tomer Graziani and Rachael Katherine Eicher-Graziani

(collectively, the Grazianis) filed suit challenging the Board of Immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appeals' (BIA) determination that that they engaged in marriage fraud, making Tomer Graziani ineligible for approval of the I-130 visa petition that Eicher-Graziani filed on his behalf. They now appeal the district court's grant of summary judgment in favor of the government. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's grant of summary judgment de novo, *Wang v. Rodriguez*, 830 F.3d 958, 960 (9th Cir. 2016), and the Administrative Procedures Act controls our review of the BIA's decision, *see Zerezghi v. U.S. Citizenship & Immigr. Servs.*, 955 F.3d 802, 807 (9th Cir. 2020). "We review de novo whether the BIA violated procedural due process in adjudicating an I-130 petition (thereby acting 'not in accordance with law')." *Id.* (citing *Ching v. Mayorkas*, 725 F.3d 1149, 1155–59 (9th Cir. 2013)).

The Grazianis claim they were denied due process because they were not allowed to cross-examine the adverse witnesses upon whose testimony the United States Citizen and Immigration Services (USCIS) largely based its decision to deny the I-130 visa petition. Specifically, the Grazianis claim they should have been allowed to cross-examine their alleged neighbors or the USCIS investigators who interviewed those neighbors. The Grazianis rely on *Ching*, in which we held that an I-130 petitioner and his beneficiary spouse had a due process right to cross-examine the beneficiary spouse's ex-husband. 725 F.3d at 1159. But we have rejected a

2

general right to cross-examination in I-130 petition adjudications, *id.* at 1157, and the determinative factors provided in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), instruct that due process does not dictate such a right in this case.

In *Ching*, the USCIS based its marriage-fraud determination exclusively on one piece of evidence—the ex-spouse's "six-sentence" statement. 725 F.3d at 1158. We noted that the right to cross-examine is particularly important in this context where "the evidence consists of the testimony of individuals whose memory might be faulty or who, in fact, might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice, or jealousy." *Id.* Here, in contrast, the USCIS relied on multiple similar statements from the Grazianis' neighbors, as well as documentary evidence related to the Grazianis' residence and finances, much of which was consistent with the neighbors' statements.

Unlike in *Zerezghi*, 955 F.3d at 811–12, the Grazianis knew what evidence the government was relying on and had an opportunity to present rebuttal evidence, and did so, submitting personal declarations with their explanations of the inconsistencies. This rebuttal evidence is far less compelling than that offered in *Ching*. *See* 725 F.3d at 1158.

The USCIS's reliance on numerous witness statements and documents and the Grazianis' insufficient rebuttal evidence make the risk that they were erroneously deprived of their familial rights far lower here than it was in *Ching*. Moreover,

3

because the USCIS based its decision not just on the neighbors' statements but also on inconsistencies and deficiencies in the documentary evidence, it is unlikely that cross-examination of the neighbors or investigators who interviewed the neighbors would materially impact the outcome. *See id.*[1]

**AFFIRMED.**

---

[1] For the reasons stated herein, we also reject the Grazianis' argument that *Alcaraz-Enriquez v. Garland*, 13 F.4th 848 (9th Cir. 2021), dictates the conclusion that they were denied due process.